UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------------
In re

  IFS FILING SYSTEMS LLC,        BK 19-10412 CLB

        Debtor.        <u>DECISION & ORDER</u>
--------------------------------------------------------
In re

  PERMCLIP PRODUCTS CORPORATION,    BK 19-11423 CLB

        Debtor.
--------------------------------------------------------

      Zdarsky, Sawicki, Agostinelli LLP
      Mark J. Schlant, Esq., of counsel
      404 Cathedral Place
      298 Main Street
      Buffalo, New York 14202
      Attorneys for the Trustee of IFS Filing Systems LLC

      Morris L. Horwitz, Esq.
      PO Box 716
      Getzville, NY 14068
      Attorney for the Trustee of Permclip Products Corporation

      Mary Clare Kane, Esq.
      138 Delaware Avenue
      Buffalo, New York 14202
      Assistant United States Attorney

      Darrell C. Valdez, Esq., Matthew Graves, Esq.,
      Brian Hudak, Esq.
      Civil Division, Patrick Henry Building
      601 D Street, N.W.
      Washington, D.C. 20530
      Assistant United States Attorneys

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

  The trustees of two related bankruptcy proceedings seek an order confirming the

application of the automatic stay to an action that the United States has commenced

on behalf of the Government Publishing Office to recover damages for breach of contract and for violations of the False Claims Act.  The central issue involves the applicability of an exception in 11 U.S.C. § 362(b)(4) for proceedings by a governmental unit to enforce its police and regulatory powers.

IFS Filing Systems LLC and Permclip Products Corporation are related entities which maintained a principal place of business at the same location in the City of Buffalo, New York.  Both of their business activities included the manufacture and sale of file folders.  Thomas J. Corey served as manager of IFS Filing Systems and as president of Permclip.  After filing a petition for relief under Chapter 11 on March 7, 2019, IFS voluntarily converted its case into a proceeding under Chapter 7 on July 22, 2019.  Permclip filed a petition for relief under Chapter 11 on July 17, 2019, but on motion of the United States Trustee, its case was converted to Chapter 7 on December 23, 2020.  Separate trustees were appointed in each of these cases.  Both are now working to liquidate the property of these estates and to effect a final distribution to creditors.

On May 23, 2022, the United States filed a civil action in the United States District Court for the District of Columbia against CI Filing Systems, LLC; IFS Filing Systems, LLC; Permclip Products, Corp.; and Thomas Corey.  The plaintiff alleges that prior to the filing of the bankruptcy petitions, IFS and Permclip conspired with the other defendants to engage in bid-rigging and unauthorized subcontracting in the solicitation and performance of separate and multiple contracts with the Government Publishing Office.  Pursuant to the False Claims Act, 31 U.S.C. § 3729 *et seq.*, the complaint seeks

treble damages and civil penalties for each claim for payment that the defendants submitted. After filing this action, counsel for the United States contacted the trustees of IFS and Permclip to request that they accept service of the complaint. In response, the trustees separately filed motions seeking an order affirming that the United States is stayed by reason of 11 U.S.C. § 362(a).

Subdivision (a) of section 362 of the Bankruptcy Code states that except as provided in subdivision (b), the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of – (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was, or could have been commenced before the commencement of the case. . . ." Relying on this section, the trustees for IFS and Permclip assert that the United States is precluded from prosecuting its District Court action as against the debtors. The government responds that its action is allowed under the exception in 11 U.S.C. § 362(b)(4). In relevant part, this subdivision states that the filing of a bankruptcy petition does not operate as a stay "of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power. . . ."

The United States asserts that the False Claims Act establishes a mechanism for punishing wrongful conduct and that actions brought by the government under that act fall within the police and regulatory power exception to the automatic stay. The trustees respond that because the debtors are no longer doing business, the litigation serves only to obtain restitution and not to punish wrongdoing or to prevent wrongful

conduct. They contend that any such recovery of damages is more appropriately accomplished through the process of claim review in bankruptcy. Further, the trustees argue that the dispute is now moot, inasmuch as the United States missed the deadline to file a proof of claim. Even if the False Claims Act litigation was allowed under the police and regulatory power exception, the trustees ask that the Court exercise its authority under 11 U.S.C. § 105(a) to impose a stay that would protect the bankruptcy estates from the unnecessary cost of defending the government's action in District Court.

Discussion

With regard to obligations of the United States, section 3729 of Title 31 of the United States Code imposes various civil penalties, including triple damages, upon any person who "(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or] (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." If the United States had commenced litigation for the sole purpose of recovering these civil penalties for the benefit of the Government Publishing Office, then its actions would have represented only an effort to enforce such governmental unit's police or regulatory power. Pursuant to 11 U.S.C. § 362(b)(4), litigation for this limited purpose would have satisfied an exception to the automatic bankruptcy stay. In the present instance, however, the United States commenced an action seeking this and other relief. Paragraph 11 of the government's complaint acknowledges that "[t]his action arises under the False Claims Act, 31 U.S.C. §§ 3729-33, *and the common law*."

(Emphasis added.) The complaint filed in the District of Columbia asserts five causes of action. Although three of these causes of action relate to Title 31, the third cause of action is based on a common law breach of contract and the fourth rests on a theory of unjust enrichment.

Both the trustee for IFS Filing Systems LLC and the trustee for Permclip Products Corporation have moved for an order directing that the government's complaint is stayed pursuant to 11 U.S.C. § 362(a). In its present form, that complaint includes demands that are not in the nature of an enforcement of police or regulatory powers. Accordingly, the trustees' motions are granted. This, however, may not resolve the matter. Nothing in this decision will prevent the government from filing an amended complaint that fits squarely within the exception of 11 U.S.C. § 362(b)(4). Whether this statute will allow the prosecution of any particular form of amended complaint is a matter not now before us and one about which we express no opinion.

The trustees also ask the Court to exercise its equitable powers under 11 U.S.C. § 105 to enjoin all government litigation against the debtors. Section 362(b) of the Bankruptcy Code establishes an exception only with regard to the automatic stay and not with regard to any stay that the Court might impose for good cause shown. In their administration of estate property, the trustees must follow the distribution rules of 11 U.S.C. § 726(a). These direct that fines and penalties be paid only after most other claims and generally that tardily filed claims be paid after timely claims. If the bankruptcy estates lack sufficient assets to reach the type of claim for which the government seeks recovery, the expenditure of limited estate resources to defend the

complaint would serve no purpose. Meanwhile, because IFS and Permclip conduct no business and have no authority to resume such activity, the imposition of unpayable fines and penalties may not serve to deter future conduct of the debtors. Notwithstanding these arguments in favor of an injunction, the Court is unable to consider such relief at this time. Bankruptcy Rule 7001 defines adversary proceedings to include "a proceeding to obtain an injunction or other equitable relief." Accordingly, to secure a stay other than the stay that 11 U.S.C. § 362(a) imposes automatically, the trustees will need to commence an adversary proceeding by the filing of an appropriate complaint. *See* Bankruptcy Rule 7003 and Fed. R. Civ. P. 3.

      For the reasons stated herein, the motion of the trustee for IFS Filing Systems LLC and the motion of the trustee for Permclip Products Corporation are granted to the effect of confirming the application of the automatic stay of 11 U.S.C. § 362(a) to litigation that the United State commenced upon filing a complaint on May 23, 2022. This decision shall be without prejudice to the prosecution of an amended complaint that seeks only relief as described in 11 U.S.C. § 362(b)(4). The trustees' request for a stay under 11 U.S.C. § 105 is denied, but without prejudice to seeking the same relief through the commencement of an adversary proceeding.

      So ordered.

Dated: January 27, 2023         /s/ Carl L. Bucki_____
     Buffalo, New York         Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.